IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. MCGOWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:05-1369-T-An |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING UNITED STATES OF AMERICA'S MOTION TO DISMISS

On November 18, 2005, Plaintiff, Michael C. McGowan ("McGowan"), filed a complaint against a local Postmaster of the United States Postal Service ("USPS") in the Chancery Court for Carroll County, Tennessee, alleging that the USPS employee had published numerous defamatory statements concerning McGowan. Relying on 28 U.S.C. §§ 1441 and 2679(d)(2), the United States of America ("United States") subsequently removed McGowan's state law defamation action to this court and, pursuant to § 2679(d)(2), the Government certified that the USPS employee was acting within the scope of her office or employment when the allegedly defamatory statements were published. *See* 28 U.S.C. §§ 1441 (describing the court's general removal jurisdiction) and 2679(d)(2) (mandating the removal of state court actions against federal employees upon certification that the employee was acting "within the scope of his office or employment" when the claim arose); *see also* § 2679(d)(2) (mandating the substitution of the United States as defendant once it is

established that the individual employee acted within the scope of employment).

On December 12, 2005, the United States moved to dismiss McGowan's complaint on grounds of failure to file an administrative claim with the USPS and sovereign immunity.[1] For the following reasons, the United States' Motion to Dismiss [Dkt. # 4] is GRANTED.

In the Federal Employees Liability Reform and Tort Compensation Act of 1988, Congress amended the Federal Tort Claims Act ("FTCA") to clarify that,

> [t]he remedy against *the United States* provided by [the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee . . . . [and] [a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded.

§ 5, 102 Stat. 4563, 4565 (codified at 28 U.S.C. § 2679(b)(1)) (emphasis added).  When such an action is commenced against an individual federal employee (instead of against the United States or one of its agencies) in any court, either the acting United States attorney or the pertinent federal district court may "certif[y] that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose."   § 2679(b)(1)–(3).   If the action was brought initially in a state court, such certification requires removal of the action to the local federal district court.   § 2679(b)(2)–(3).  Certification may also have the ultimate effect of converting the plaintiff's claim into one "against the United States under the provisions of the [FTCA]." *Id.* (providing

---

[1]McGowan did not respond.

2

that, upon certification, "the United States shall be substituted as the party defendant").[2]
When it does have that effect, the action proceeds against the United States as would any
other action under the FTCA.  § 2679(b)(4).

Based on these provisions, McGowan's suit now is "deemed to be an action or
proceeding brought against the United States under [the FTCA]," § 2679(b)(2), is to be
treated "as [would] any [other] action against the United States under [the FTCA]," §
2679(b)(4), and is "subject to the limitations and exceptions applicable to [all FTCA]
actions[,]" *id.*  The United States contends that "any [other]" FTCA action with the attributes
of McGowan's suit would be dismissed for want of subject matter jurisdiction.  The court
agrees.

First, there is no indication that McGowan has filed an administrative claim with the

---

[2]For the purpose of removal of state court actions, the "scope of employment" certification is conclusive if made by the United States attorney pursuant to authority delegated by the Attorney General.  28 U.S.C. § 2679(d)(2); *Arbour v. Jenkins*, 903 F.2d 416, 421 n.3 (6th Cir. 1990).  This action was removed properly based on the United States' attorney's certification.

The certification is not, however, immune from judicial review for the purpose of determining whether the case should continue to proceed under the FTCA's provisions with the United States substituted for the individual federal employee. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995) (plurality opinion); *Osborn v. Haley*, 422 F.3d 359, 364 (6th Cir. 2005); *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002).  Thus, McGowan could have objected to the substitution of the United States for the individual USPS employee against whom this action initially was brought.  Had he done so, this court would have been required to examine Tennessee law to determine if the USPS employee's alleged wrongful actions actually were committed in the "scope of employment" under Tennessee law.  *See Singleton*, 277 F.3d at 870 (citing *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996)).  Because McGowan stated that he did not object to the substitution of the United States, [dkt. # 2], however, he implicitly conceded the scope of employment issue as well as the originally named defendant's immunity from common law tort liability.  *C.f. United States v. Smith*, 499 U.S. 160, 163 (1991)

Furthermore, McGowan made no claim that his defamation action against the originally named USPS employee was authorized by § 2679(b)(2)(A) or (B), which make clear that federal employees are not absolutely immune from liability for actions based on federal constitutional or statutory violations "otherwise authorized." § 2679(b)(2)(A)–(B); *see also, e.g., Biven v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (holding that an individual federal law enforcement officer could be held liable for violating a citizen's Fourth Amendment rights).

The court's order is therefore limited to the very narrow issues presented in the United States' motion to dismiss.

3

USPS.  Before bringing a suit against the United States under the FTCA, the plaintiff "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."   § 2675.   An FTCA plaintiff must plead administrative exhaustion.  *E.g.*, *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996).  If he fails to do so, dismissal is appropriate.  *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Wilson v. United States*, 93 Fed. App'x 53, 54 (6th Cir. Mar. 10, 2004) (unpublished opinion); *Pryor Oil Co. v. United States*, 299 F. Supp. 2d 804, 810 (E.D. Tenn. Oct. 27, 2003).

Second, the doctrine of sovereign immunity bars McGowan's FTCA suit against the United States to the extent that McGowan seeks to recover for defamation.  The reach of the FTCA's partial waiver of sovereign immunity is limited by 28 U.S.C. § 2680.  *See generally United States v. Gaubert*, 499 U.S. 315, 322 (1991).  § 2680 makes clear that the FTCA does not supply the United States' necessary consent to be sued in *respondeat superior* if the action is based on "libel [or] slander" committed by a federal employee.  28 U.S.C. § 2680(h); *see also Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002).  By default, the doctrine of sovereign immunity requires dismissal of McGowan's defamation claims.  *See Singleton*, 277 F.3d 864 at 872.[3]

---

[3]In its motion, the United States does not mention the USPS's organic statute, 39 U.S.C. § 401, which confers upon the USPS the capacity to "sue and be sued in its official name" without mentioning an exception for defamation actions.  39 U.S.C. § 401(b).  The United States' omission may be overlooked, however, (1) because McGowan did not sue the USPS, and (2) because this generic provision in the agency's organic statute does not displace the FTCA's exclusiveness for tort suits that are "cognizable" under the FTCA.  *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the FTCA], and the remedies provided by [the FTCA] in such cases shall be exclusive.");  McGowan's defamation claim is "cognizable" under § 1346(b)(1) of the

For both of these reasons, the court no longer has subject matter jurisdiction over

McGowan's properly removed state court lawsuit.  "Where a statute requires a plaintiff to

exhaust his or her administrative remedies before seeking judicial review, federal courts do

not have subject matter jurisdiction to review the plaintiff's claim until the plaintiff has

exhausted his or her administrative remedies."  *Bangura v. Hansen,* —F.3d—, No. 04-3531

(6th Cir. Jan. 18, 2006) (slip op.).  The FTCA requires McGowan to file an administrative

claim before his lawsuit can proceed in federal court.  28 U.S.C. § 2675(a).  Second, even

if McGowan had filed an administrative claim before filing this action, the state law

defamation claim against the United States would not be within the court's subject matter

---

FTCA, notwithstanding the fact that § 2680(h) preserves the United States' sovereign immunity with respect to defamatory statements published by federal employees within the scope of their employment.  *C.f. FDIC v. Meyer*, 510 U.S. 471, 477 n.5 (1994) ("The question is not whether a claim is cognizable *under the FTCA generally* . . . but whether it is 'cognizable *under § 1346(b).*'")  In *Meyer*, the Court stated that a claim was "cognizable under § 1346(b)" if it was asserted,

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death, [4] caused by a negligent or wrongful act or omission of any employee of the Government, [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

510 U.S. at 477 (citing § 1346(b)(1)) (internal quotation marks omitted) (omission in original).  McGowan's defamation claim, as converted, meets this test.  First, the claim is deemed "against the United States."  Second and third, McGowan seeks money damages for, *inter alia*, mental suffering in the amount of $250,000.00.  *See* Compl. ¶ 15.  Fourth and fifth, McGowan is seeking to hold the United States vicariously liable for a "wrongful act" allegedly committed by a federal employee in the scope of her employment.  Sixth, Tennessee law provides a cause of action against private parties for defamation.  *See generally Hinson v. Pollock*, 15 S.W.2d 737 (Tenn. 1929).

Thus, even though the United States is sovereignly immune from McGowan's defamation claim, the claim is nonetheless "cognizable" against the United States under § 1346(b)(1).  Because the claim is "cognizable" against the United States under that provision, no defamation action would lie against the USPS notwithstanding the agency's general "suability" under 39 U.S.C. § 401(1); *see also* 39 U.S.C. § 409(c) (providing that, "[the FTCA] shall apply to tort claims arising out of the activities of the Postal Service"), and *Federal Express Corp. v. United States Postal Serv.*, 151 U.S. 536, 542 (6th Cir. 1998) (interpreting § 409(c) post-*Meyer*, and concluding that, "the 'tort' claims against the Postal Service to which § 409(c) refers" are those that are "cognizable" under § 1346(b) of the FTCA), and *Davric Me. Corp. v. United States Postal Service*, 238 F.3d 58, 64 (1st Cir. 2001) (applying *Meyer* and citing *Federal Express* to find a state law defamation action against the USPS "cognizable" under 39 U.S.C. § 409(c)'s general incorporation of the FTCA, even though the claim was barred by the sovereign immunity that Congress preserved in § 2680(h) of the FTCA).

jurisdiction because the Government has explicitly preserved its sovereign immunity from such claims. § 2680(h); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("[T]he 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'") (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (second alterations in original).

The United States' Motion to Dismiss [Dkt. # 4] is GRANTED, and the case is DISMISSED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE